UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| JOHN C. MAYER,<br><br>      **Plaintiff,**<br><br>v.<br><br>CAROLYN W. COLVIN,<br>**Acting Commissioner of Social Security,**<br><br>      **Defendant.** | Case No. 13-2067 |

### REPORT AND RECOMMENDATION

      Plaintiff John C. Mayer seeks review under 42 U.S.C. § 405(g) of the Social Security Administration's denial of his application for disability insurance benefits, arguing that the Administrative Law Judge (ALJ) erred when he concluded Plaintiff was not disabled because his alcohol abuse was a contributing factor material to the determination of disability. The parties have submitted cross motions for summary judgment. For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment **(#16)** be **GRANTED**, Defendant's Motion for Summary Judgment **(#22)** be **DENIED**, and that this case be remanded under Sentence Four of § 405(g) for further proceedings.

### I. Background

      Plaintiff filed an application for disability insurance benefits on July 13, 2007, alleging a disability onset date of December 5, 2005. Plaintiff's application was denied initially and upon reconsideration. On December 10, 2009, Plaintiff, represented by counsel, appeared before an ALJ. On July 20, 2010, the ALJ found that Plaintiff was not disabled. Specifically, the ALJ concluded that Plaintiff's mental health impairments were disabling, but that his substance abuse disorder was a contributing factor material to the determination of disability. (R. 217-25.) Plaintiff requested review by the Appeals Council. On January 14, 2011, the Appeals Council remanded the case to the ALJ for further proceedings (R. 232-34), with instructions to consider new evidence submitted by Plaintiff after the ALJ's decision—a September 13, 2010, opinion from treating psychiatrist Dr. James Whisenand that Plaintiff's substance abuse and

schizoaffective disorder ran concurrently and that the effects of one could not be separated from the other.[1]  (R. 1390.)

On June 10, 2011, the ALJ held a supplemental hearing during which Plaintiff, his mother, and a vocational expert testified.[2]  Plaintiff testified that since moving into a group home in Fall 2010 (R. 68), he had used alcohol twice (R. 66), once in January 2011 and once in May 2011 (R. 67).  He lives at the group home during the week under staff supervision and returns home on the weekends to his parents' house.  (R. 58.)  He testified that he attends mental health and substance abuse counseling at the group home (R. 66), as well as classes about how to handle his feelings and interact with others (R. 59).  He does chores and cooks under staff supervision.  (R. 61, 63.)  He has started to make friends at the group home.  (R. 60.)  Following the hearing, the ALJ requested that a consulting psychologist examine Plaintiff and evaluate his mental status.  Psychologist Dr. William Hilger examined Plaintiff on August 12, 2011, and provided a report.  (R. 1877-85.)

On October 24, 2011, the ALJ issued an unfavorable decision.  (R. 18-29.)  The ALJ found that Plaintiff had severe impairments of affective disorder, possible borderline intelligence, and substance abuse.  The ALJ recounted Plaintiff's long history of mental health issues and alcoholism, punctuated by periodic binge drinking.  (R. 22-23.)  The ALJ determined that, including the limitations caused by Plaintiff's substance abuse, Plaintiff lacked the residual functional capacity to perform his past relevant work or to transition to jobs available in the national economy.  (R. 24.)

The ALJ then found, however, that absent substance abuse, Plaintiff had the residual functional capacity to transition to jobs available in the national economy.  (R. 28-29.)  Specifically, the ALJ noted that Plaintiff "continued to relapse regularly until he was placed in a more controlled environment in the Fall of 2010.  Since then, he has had a couple of additional drinking relapses but none since May of 2011."  (R. 23.)  The ALJ found that Plaintiff achieved

---

[1]  The Appeals Council provided other instructions that are not relevant to the challenges Plaintiff raises with this Court.

[2]  The ALJ's decision mentions that a medical expert was also present (R. 18), but the transcript clarifies that the medical expert did not testify because he did not receive Plaintiff's medical records in advance of the hearing (R. 55).

sobriety following his most recent relapse in May 2011. (R. 27.) The ALJ determined that the records since May 2011, specifically Dr. Hilger's August 2011 report and the progress notes from Plaintiff's group home, demonstrated that Plaintiff's limitations while sober were not disabling. (R. 27.) In his August 2011 report, Dr. Hilger determined, "We have an individual with a prior history of self-contained special education through high school who further reduced his cognitive and memory abilities (especially short-term) through years of polysubstance abuse but still has fair work-related ability especially for simple repetitive tasks if he stays away from alcohol and drug use." (R. 1885.) On this basis, the ALJ concluded that Plaintiff's substance abuse was a contributing factor material to the determination of disability and, therefore, he was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review, making the ALJ's denial of benefits the Commissioner's final decision.

## II. Standard of Review

In reviewing an ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's findings with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). Instead, the Court must affirm the decision to deny benefits if the ALJ correctly applied the law and supported the decision with substantial evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Stated differently, if reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996).

## III. Substance Abuse and Disability

The Social Security Act, 42 U.S.C. § 423(d)(2)(C), instructs that "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." The implementing regulations, 20 C.F.R. § 404.1535(b), provide that the ALJ will analyze evidence of substance abuse as follows:

3

> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
>> (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. § 404.1535(b).

## IV. Discussion

Plaintiff urges that the ALJ erred when he concluded that Plaintiff's substance abuse was a contributing material factor to the determination of disability, on the basis that Plaintiff's limitations while sober were not disabling.

### A. Records Predating May 2011

Plaintiff first challenges the ALJ's finding that only evidence from May 2011 through August 2011 accurately reflected Plaintiff's impairments in the absence of alcohol. The ALJ concluded that Plaintiff was still lapsing in and out of sobriety until that time and, therefore, disregarded evidence favorable to Plaintiff predating May 2011, including the April 2011 report of treating psychiatrist Dr. Daphne Maurer (R. 1857-62) and records from Plaintiff's group home. (R. 27.)

The Court agrees with Plaintiff that substantial evidence does not support the ALJ's decision to discredit records predating May 2011. Plaintiff persuasively argues that the three months of sobriety on which the ALJ relied, May 2011 through August 2011, were shorter than earlier periods of sobriety Plaintiff experienced, including September 2010 through January 2011 and January 2011 through May 2011. It appears that the only basis for the ALJ's conclusion that Plaintiff achieved "predominant sobriety" between May and August 2011 (R. 27), as opposed to

lapsing in and out of sobriety until May 2011, is that the administrative record ends in August 2011, meaning that no evidence exists to reveal whether Plaintiff relapsed again.

Furthermore, the ALJ was not consistent in his treatment of evidence predating May 2011: he disregarded evidence favorable to Plaintiff but credited evidence supporting the conclusion that Plaintiff's alcohol abuse was a contributing factor material to the determination of disability. For example, the ALJ relied on Dr. Dan Montgomery's opinion that Plaintiff's substance abuse caused his psychosis, expressed in treatment notes prior to 2009 (*see, e.g.*, R. 709), to undermine Dr. James Whisenand's September 2010 report (R. 1390), which was favorable to Plaintiff. (R. 23.)

Therefore, the Court cannot find that substantial evidence supports the ALJ's decision to discredit evidence favorable to Plaintiff that preceded May 2011.

### B. Records Postdating May 2011

Plaintiff also argues that the ALJ minimized evidence of Plaintiff's severe mental impairments in records postdating May 2011.

The ALJ reasoned that records postdating May 2011 from Plaintiff's group home supported his decision.[3] The ALJ noted,

> The claimant says he gets nervous around others, but he is able to interact with others and go to public places. The claimant is described as alert and oriented. There are no findings of hallucinations, delusions or suicidal/homicidal thoughts. His overall condition was listed as stable. At the most recent counseling session on May 25, 2011, the claimant said he was doing well and he demonstrated "increased ability to interact with the group members."

---

[3] The ALJ wrote, "In assessing functioning independent of substance abuse, the undersigned gave little weight to records [from the group home] from 2010 and early 2011, because the claimant was still lapsing in and out of sobriety during this time. However, progress notes since April 2011 support the findings in this decision." (R. 27.) The Court believes that the ALJ meant to write "progress notes since *May* 2011" because he concluded earlier in his decision that Plaintiff's predominant sobriety began in May 2011, and the ALJ disregarded Dr. Maurer's report from April 2011 because, in the ALJ's opinion, Plaintiff was still lapsing. (R. 27.) If this was not a typo, then it is an additional inconsistency in the ALJ's opinion: he refused to consider Dr. Maurer's favorable report from April 2011 but did consider reports from Plaintiff's group home that showed some improvement.

5

(R. 27.) Although the ALJ wrote that progress notes from this time showed Plaintiff was stable, a record from May 9, 2011, reported that Plaintiff "has been having persecutory delusions about his food being tampered with." (R. 1869.) Furthermore, even accepting that Plaintiff experienced modest improvement, such as an increased ability to interact with others in his treatment groups, the ALJ apparently ignored the fact that Plaintiff was still living in a highly structured group home environment. There is no logical bridge between Plaintiff's slight improvement in a group home and the ALJ's conclusion that he could perform full-time work in a competitive environment. *See Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013) ("In rendering a decision, an ALJ must build a logical bridge from the evidence to his conclusion . . . ." (internal quotation marks omitted)).

The Court also agrees with Plaintiff that the ALJ ignored clear evidence of Plaintiff's difficulties with concentration and pace documented in Dr. Hilger's August 2011 report (R. 1877, 1881) that were inconsistent with Dr. Hilger's ultimate conclusion that Plaintiff could "perform work related activities involving understanding and memory, sustained concentration and persistence, social interaction, and adaptation." (R. 1881.)

Because substantial evidence does not support the ALJ's decision to disregard the record preceding May 2011 nor his analysis of the record following May 2011, the Court finds that this case must be remanded for a new hearing. On remand, an ALJ should reconsider all of the evidence in the record, including the opinions of treating psychiatrists Dr. Whisenand and Dr. Maurer, and make a fresh determination of whether Plaintiff's substance abuse is a contributing factor material to the determination of disability.[4]

## V. Conclusion

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment **(#16)** be **GRANTED**, Defendant's Motion for Summary Judgment **(#22)** be **DENIED**, and that

---

[4] Plaintiff also argues that this case should be remanded for reconsideration in light of a new policy interpretation regarding the evaluation of substance abuse, SSR 13-2p, effective March 22, 2013. *See* SSR-13-2p: Titles II and XVI: Evaluating Cases Involving Drug Addiction and Alcoholism (DAA), http://www.socialsecurity.gov/OP_Home/rulings/di/01/SSR2013-02-di-01.html (last visited June 19, 2014).
Although the Court disagrees with Plaintiff's argument that the promulgation of the new ruling constitutes an independent reason for remand (the ALJ was only required to apply the law in effect at the time of his decision), the Court notes that the new policy interpretation ruling will apply on remand.

this case be remanded under Sentence Four of § 405(g) for a new hearing. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 23rd day of June, 2014.

                                              s/DAVID G. BERNTHAL
                                           UNITED STATES MAGISTRATE JUDGE